IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERALD LEWIS                                                                                PLAINTIFF

VS.                       NO. 13-4110

THE UNITED STATES OF AMERICA                             DEFENDANT

## COMPLAINT

Comes Plaintiff, Gerald Lewis, by his attorney, John Doyle Nalley, and for his Complaint against Defendant, The United States of America (hereafter "U.S.A."), states:

### I.

### JURISDICTION, VENUE AND PARTIES

1. This is a tort claim under the Federal Tort Claims Act, 28 USC Section 2671, et sec. On April 30, 2007, Gerald Lewis made a claim in writing to Kathleen Arndt, U.S. Postal Service National Tort Claim Center, P.O. Box 66640, St. Louis, Missouri 63166-6640. A copy of Mr. Lewis' claim is attached as Exhibit "1" to this Complaint and incorporated herein as if stated word for word. A copy of the United States Postal Services's letter dated May 30, 2013, denying Gerald Lewis' claim is attached hereto as Exhibit "2". Mr. Lewis may proceed with litigation pursuant to 28 USC Section 2675.

2. The United States Postal Service operates Post Offices in the State of Arkansas hires employees who use their personal automobiles in their job. This lawsuit involves the negligent operation of a vehicle operated by a United States Postal Service employee, Erica Archer, who was acting within the course and scope of her employment with U.S.A. at the time of this accident.

3. This court has jurisdiction under 28 USC Section 1346, and venue is proper under 28 USC Section 1402.

4. Plaintiff, Gerald Lewis, was, at all times mentioned herein, a resident of Benton, Saline County, Arkansas; this Court has jurisdiction over this cause of action to recover damages suffered by Plaintiff as the result of an automobile collision which occurred on or about December 28, 2005, at approximately 3:00 p.m., in Nashville, Hempstead County, Arkansas.

## II.

## CAUSE OF ACTION AGAINST U.S.A.

5. On December 28, 2005, Plaintiff, Gerald Lewis, was operating a 2003 Chevrolet, owned by Superior Spring Clutch and Gear, in an orderly manner, in a Northerly direction on County Road 31 in Nashville, Hempstead County, Arkansas, when suddenly, and without warning, a 2001 Ford, owned and operated by Erica Archer, met Plaintiff's vehicle head on in his lane and swerved, striking Plaintiff's vehicle on the left side and causing damages and injuries to Plaintiff as more fully set forth below.

6. At the time of this crash, the Defendant's employee, Erica Archer, was acting within the course and scope of her employment with U.S.A.

## III.

## ACTS OF NEGLIGENCE OF U.S.A.

7. That the sole and proximate cause of this accident was due to the negligence of Erica Archer, for whom the Defendant, U.S.A. is vicariously liable, which negligence consisted of, but was not limited to, the following:

1. Failure to keep a proper lookout;

2. Failure to keep her vehicle under proper control;

3. Failure to yield;

4. Driving on the wrong side of the road;

    5.    Failure to properly apply her brakes; and

    6.    Failure to use reasonable and ordinary care under the circumstances then existing;

all of which are against the laws of the State of Arkansas.

## IV.

### COMPENSATORY DAMAGES OF GERALD LEWIS

    8.    As a result of the negligence of Defendant, Erica Archer, Plaintiff, Gerald Lewis, has sustained severe, permanent and excruciating injuries to his head, neck, back, legs and to his body as a whole; he has sustained serious and painful strains, sprains, bruises, contusions and abrasions to the body as a whole; he has undergone medical treatment and will undergo medical treatment in the future; he has incurred medical bills and will incur medical bills in the future; he has suffered loss of earnings and will suffer loss of ability to earn in the future; he has suffered pain and mental anguish, and by reason of the severity and permanency of the injuries sustained, will continue to so suffer; for all of which Plaintiff, Gerald Lewis, is entitled to recover from Defendant, U.S.A., damages in an amount consistent with that claimed in the Claim Form 95 which is attached to this Complaint.

    9.    With respect to the claim of the Plaintiff, the Defendant's agent, servant and employee was at all material times acting within the scope of her office or employment, under circumstances where the Defendant, for a private person, would be liable to the Plaintiff in accordance with the law and pursuant to the Federal Tort Claims Act.

Wherefore, Plaintiff prays that he have judgment against the Defendant entered consistent with the relief claimed above; attorney's fees and costs; and for all other relief to which he may be entitled.

Respectfully Submitted,

JOHN DOYLE NALLEY
Attorney at Law
Arkansas Bar No. 86132
P.O. Box 606
Benton, Arkansas    72018
(501) 315-7491
Johndoylenalley@hotmail.com