IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERALD LEWIS                                                                                                    PLAINTIFF

v.                                            Case No. 4:13-cv-04110

THE UNITED STATES OF AMERICA                                                              DEFENDANT

**<u>ORDER</u>**

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 9), Plaintiff's Counsel's Motion to Withdraw as Counsel (ECF No. 12), and Plaintiff's Motion to Dismiss Without Prejudice. (ECF No. 14). Plaintiff has responded to Defendant's Motion for Summary Judgment (ECF No. 16). Defendant has not responded to Plaintiff's motions. The Court finds these matters ripe for consideration.

I. Background

Plaintiff filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. in November 2013. Plaintiff claimed that he suffered damages as the result of a vehicle collision with a person acting within the course and scope of her employment with the United States Postal Service ("USPS"), and that the United States is vicariously liable for her negligence in the operation of her vehicle.

On August 22, 2014, the United States filed a Motion for Summary Judgment. The United States attached a report of the accident and a declaration of a qualified Accident Reconstructionist, whose affidavit declared that the curvature of the road limited the sight line of both drivers and that plaintiff's vehicle was likely stopped at the time of the collision. Thus, they asserted that the Plaintiff could not establish that the USPS driver was more at fault, and as a matter of law the defendant United States was entitled to summary judgment as to liability. Moreover, Defendant argued that the

Plaintiff failed to make initial expert disclosures, and that he could not establish the extent of his injuries without the expert testimony of physicians.

On August 25, 2014, Plaintiff's attorney moved to withdraw as counsel. (ECF No. 12). Counsel informed the Court that despite numerous letters, phone calls, and text messages, he had been unable to get his client to cooperate and provide the information needed to respond to discovery requests or otherwise move forward with the case. Other than providing background biographical information, Plaintiff has failed to assist his counsel in the prosecution of the claim.

On August 28, 2014, Plaintiff's attorney filed a Motion to Dismiss Without Prejudice, arguing that the Plaintiff should be given sufficient time to find another attorney and pursue his case if he so desires. Moreover, that Summary Judgment is a harsh remedy when Plaintiff has cut off communication with his attorney and therefore has not had the opportunity to respond.

## II. Discussion

Plaintiff has moved to dismiss his case without prejudice, and the Defendant has not opposed the motion. Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." When deciding whether to exercise its discretion to allow a voluntary dismissal, the "district court should consider . . . 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (quoting *Thatcher v. Hanover Ins. Grp. Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011)).

Plaintiff's attorney has presented a proper explanation of his desire to dismiss, specifically, that he has been unable to move forward in the litigation because of Plaintiff's failure to

communicate with him, and that Plaintiff should be able to pursue his claim in the future should he so desire. There has not been a significant waste of judicial time and effort, as the case was still in the beginning stages of litigation. *Cf. Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir. 1984) (affirming Rule 41(a)(2) dismissal of entire case even though plaintiff had presented four of five witnesses at trial, and trial judge had indicated in conference that a directed verdict for defendant should be expected). Finally, the only prejudice to Defendant is the use of resources in discovery and the filing of a motion for summary judgment. "While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). The Court is satisfied that there has not be such a significant waste of resources to preclude the imposition of a dismissal without prejudice, and the Court finds the Plaintiff's motion should be granted.

Plaintiff attorney's Motion to Withdraw as Counsel should also be granted. Plaintiff has failed to communicate with his attorney regarding his case; failed to aid his attorney in answering discovery requests necessary to proceed on the action, failed to return letters, telephone calls, and text messages; and failed otherwise to show an interest in prosecuting the case at this time.

### III. Conclusion

Therefore, Plaintiff's Motion to Dismiss Without Prejudice is GRANTED. Plaintiff's Motion to Withdraw as Counsel is GRANTED. Defendant's Motion for Summary Judgment is moot.

IT IS SO ORDERED, this 27th day of October, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge